ANTHONY, POTTER & CO. *v.* JOHN M. SHAW.

Mortgaged goods, in the possession of the mortgagor, may be levied on by a creditor of the mortgagor, whilst the mortgage is redeemable either at law or equity, unless the goods shall have been sold in the meantime in pursuance of the agreement of the parties to the mortgage; and by an amendment of the statute, made since the decision in *Earle* v. *Anthony*, 1 R. I. Rep. 307, the period of redemption is no longer confined to sixty days after condition broken.

THIS was a writ of replevin, by which the plaintiffs took from the defendant certain household furniture, mortgaged to them by one Laura B. Millard by deed dated November 21st, 1861, to secure certain promissory notes, the first due of which was payable on the first day of March, 1862; said furniture having been seized by the defendant, a deputy sheriff, under executions against the said Laura B., as her property, which executions had been delivered to the defendant for service. The writ was dated July 8th, 1861, and the goods were taken under it on the same day.

To this writ, the defendant, in replevin, amongst other things, pleaded, in substance, that, at the time the goods were replevied, they were held by him as a deputy sheriff, by virtue of two executions against one Laura B. Millard, which had been delivered to him for service, and which he had levied on said goods, of which goods the said Laura was then in possession, as mortgagor as aforesaid. The plaintiffs, in substance, replied, by way of *plea puis darrein*, that since the goods were seized on executions by the defendant and replevied by the plaintiffs, the condition of said mortgage had been broken, and that more than sixty days had elapsed since the breach of said condition, and the mortgage had not been redeemed by the plaintiffs in said execution, whereby the levies thereon had become void, and the property of said goods is in the plaintiffs, &c. To this replication the defendant demurred generally, and the plaintiffs joined in the demurrer.

*Mathewson & Markland, for the defendant.*

*Payne & Colwell, for the plaintiffs.*

BRAYTON, J. The plaintiffs, in replevin, claim title to the property demanded by the writ, under a mortgage made by one

Laura B. Millard, to secure payment at maturity of certain promissory notes, made by her and payable to the plaintiffs, the first, on the 1st day of March, 1862. This suit is against an officer who has levied executions upon the property, and holds it under the levies.

Chap. 195 of the Revised Statutes, p. 174, section 3, enacts, that " Personal property, when mortgaged and in the possession of the mortgagor, and while the same is redeemable either at law or in equity, may be levied on by execution against the mortgagor, in the same manner as on his other personal estate." Under this provision of section 3, the defendant has pleaded in bar, that the goods were under mortgage to the plaintiffs, but that they were, at the time of levy, in the possession of Laura B. Millard, the mortgagor, and that, by virtue of two executions against the said Laura, said goods were levied on by him, under which levy he holds them. By section 13 of Ch. 22 of the Revised Statutes, " Of mortgages of real and personal estate," it is provided, that " when the condition of any mortgage of personal property has been broken, the mortgagor, or any person claiming or holding under him may redeem the same at any time within sixty days thereafter, unless the property shall, in the meantime, have been sold in pursuance of the agreement of the parties." Section 14 provides, that this may be done by tender of the amount due upon the mortgage, with reasonable and lawful charges and expenses ; and if, upon the tender, the property is not restored forthwith, he may have his action of replevin. Section 7 of Ch. 195, " Of the service of executions," provides, that " if the mortgage be not redeemed by the plaintiff or sold, as before mentioned, before the time of redemption expires, the attachment shall become void." At the time of the levy, there had been no breach of the condition of this mortgage, nor had there been at the commencement of this suit in replevin, but in order to avail themselves of the benefit of the provisions of this section 7, the plaintiffs have, by way of *plea puis darrein,* by their replication alleged, that since the suit and since the levy of the executions, the condition of said mortgage has been broken, and that more than sixty days have expired since the said breach, but that the said mortgage has not been redeemed by the plaintiffs in said execution, whereby said

attachments have become void. To this replication, the defendant has filed a general demurrer; and the question raised by it is, whether the right of redemption, both at law and in equity, is barred by the lapse of sixty days after condition broken? or whether there may be a right in equity in the mortgagor to redeem, after his remedy at law, viz., his writ of replevin, shall be barred by the expiration of the sixty days?

This court, in the case of *Earle* v. *Anthony*, 1 R. I. Rep, 307, held, under the statutes as they then stood, that for the purpose of attachment, the time of redemption was that given at law, and not any which the mortgagor might have in equity. Since that determination, the statute has been amended; so that, instead of providing that property may be attached *while the same is redeemable*, it provides expressly that it may be attached while the same is *redeemable either at law or in equity*. Under the statute as amended, it is very clear that the right to attach is not limited to the statute period of sixty days after condition broken, but extends to the time when the mortgagor becomes barred of all right to redeem in equity. It is also evident, that it was not in the contemplation of this act, that the mortgagor should be barred of all right to redeem by omitting to redeem at law within sixty days. The replication, therefore, because it does not show that this right has been barred, must be overruled and the demurrer sustained.